UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NIKI JANNITTO and SAMANTHA JANNITTO, in their capacities as the Co-Administrators of the Estate of CHRISTOPHER J. JANNITTO,<br>　　　　　*Plaintiffs*, | :<br>:<br>:<br>: |
| vs. | :　25-cv- |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and THE CITY OF PROVIDENCE,<br>　　　　　*Defendants*. | :<br>:<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTORY STATEMENT

1. The plaintiffs, Niki Jannitto and Samantha Jannitto, are residents of the State of Rhode Island, and bring this action in their capacity as Co-Administrators of the Estate of Christopher J. Jannitto, appointed by the Probate Court for the Town of Warren, Rhode Island, against Prudential Insurance Company of America ("Prudential"), a resident of the State of Pennsylvania, and the City of Providence, seeking a declaratory judgment, pursuant to 28 U.S.C. § 2201, *et seq..*, seeking a judgment as to the scope of coverage provided under a Group Life Insurance Policy provided by Prudential through a Collective Bargaining Agreement between the City of Providence and Mr. Jannitto's collective bargaining representative, Local 799 of the International Association of Firefighters, AFL-CIO ("Local 799"). The amount in controversy is One Hundred Thousand Dollars ($100,000.00).

### JURISDICTION

2. This Honorable Court has diversity jurisdiction, under 28 U.S.C. § 1322, over this matter as there is diversity of citizenship between the plaintiffs, who each reside in Rhode Island and defendant Prudential Insurance Company of America, a resident of the State of

1

Pennsylvania. As required by 28 U.S.C. § 1322, the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00). The City of Providence is named because the City will be affected by the judgment issued by the Court.

## PARTIES

1. The plaintiff, Niki Jannitto, is the duly-appointed Co-Administrator of the Estate of Christopher J. Jannitto, Town of Warren, Rhode Island Probate Court Case No. 23-18, and resides in the Town of Smithfield, Rhode Island.

2. The plaintiff, Samantha Jannitto, is the duly-appointed Co-Administrator of the Estate of Christopher J. Jannitto, Town of Warren, Rhode Island Probate Court Case No. 23-18, and resides in the Town of Bristol, Rhode Island.

3. The defendant, the Prudential Insurance Company of America, is a corporation that resides in the State of Pennsylvania.

4. The defendant, City of Providence is a municipal corporation organized under Rhode Island law.

## FACTUAL ALLEGATIONS

5. The plaintiffs' decedent, Christopher J. Jannitto, was employed by the Fire Department of the City of Providence as a Firefighter Lieutenant.

6. The plaintiff's decedent, Christopher J. Jannitto passed away on October 1, 2021.

7. The death certificate for Christopher J. Jannitto listed his cause of death as esophageal cancer.

8. During the time that Christopher Jannitto worked for the Providence Fire Department he was repeatedly exposed to carcinogenic materials in the course of his employment.

9. Throughout his employment with the Providence Fire Department, Christopher J.

Jannitto was represented by Local 799 of the International Association of Firefighter, AFL-CIO ("Local 799"), which negotiated various Collective Bargaining Agreements ("CBAs") on behalf of its members.

10. During the time of Christopher Jannitto's employment with the Providence Fire Department, various CBAs contained a provision wherein the City of Providence agreed to provide a life insurance benefit that provided the following benefits:

- Article XV Section 2-LIFE INSURANCE

    " The City shall provide life insurance of One Hundred Thousand Dollars ($100,000.00) on the life of each member of the bargaining unit. The City shall provide life insurance in the maximum amount of Two Hundred Thousand Dollars ($200,000.00) for each member of the Bargaining Unit who dies from injuries sustained while in the line of duty."

11. At all times pertinent to this litigation, the City of Providence considers Christopher Jannitto's death to be in the line of duty.

12. Upon information and belief, when the City negotiated the Providence Firefighter group life insurance contract with the defendant, Prudential Life Insurance Company of America, the City notified Prudential of the fact that the Local 799 CBA contained the provisions of Article XV, Section 2 cited above in paragraph 10.

13. Upon information on belief, prior to negotiating the Providence Firefighter group life insurance group life insurance contract with the defendant, Prudential Life Insurance Company of America, the City provided to Prudential the then-existing Local 799 CBA.

14. At all times pertinent to this matter, Article X, Section 2 of the Local 799 CBA provided:

Section 2-HYPERTENSION-HEART ATTACK-CANCER

Whenever a member of the bargaining unit suffers a heart attack, is suffering from hypertension, or is suffering from cancer, is shall be presumed that any of said

conditions were caused as a result of the member's duties as a firefighter and he/she shall be entitled to all of the foregoing benefits set forth in this Article.

This section shall apply to any member of the bargaining unit who suffers a heart attack, is suffering from hypertension, or is suffering from cancer whether or not said condition occurred while the member was actually on a tour of duty.

15. At all times pertinent to this litigation, the Rhode Island General Assembly had enacted a statute designated as Rhode Island General Laws § 45-19.1-1, *et seq.*, entitled "Cancer Benefits for Fire Fighters".

16. Rhode Island General Laws § 45-19.1-1 provides:

" **§ 45-19.1-1. Legislative findings.**
**(a)** The general assembly finds and declares that by reason of their employment:
**(1)** Fire fighters are required to work in the midst of, and are subject to, smoke, fumes, or carcinogenic, poisonous, toxic, or chemical substances;
**(2)** Fire fighters are continually exposed to a vast and expanding field of hazardous substances through hazardous waste sites and the transportation of those substances;
**(3)** Fire fighters are constantly entering uncontrolled environments to save lives and reduce property damage and are frequently not aware of potential toxic and carcinogenic substances that they may be exposed to;
**(4)** Fire fighters, unlike other workers, are often exposed simultaneously to multiple carcinogens, and the rise in occupational cancer among fire fighters can be related to the rapid proliferation of thousands of toxic substances in our every day environment; and
**(5)** The onset of cancers in fire fighters can develop very slowly, usually manifesting themselves from five (5) years to forty (40) years after exposure to the cancer-causing agent.
**(b)** The general assembly further finds and declares that all of the previously stated conditions exist and arise out of or in the course of that employment."

17. As of the time of his death, the plaintiff's decedent, Christopher J. Jannitto had designated his spouse, Megan Rossi Jannitto, as the beneficiary for the benefits he had vested in under the Group Life Insurance Policy issued by the defendant, Prudential Life Insurance Company of America.

18. The defendant, Prudential Life Insurance Company of America paid to Megan Rossi Jannitto the sum of One Hundred Thousand Dollars ($100,000.00), as provided in the Group Life Insurance Policy issued by the defendant.

4

19. On September 14, 2022, the defendant, Prudential Life Insurance Company of America, in a written document, informed Megan Rossi Jannitto that it would deny the additional claim for an injured-on-duty benefit for the death of Christopher J. Jannitto based upon his death from esophageal cancer.

20. On March 19, 2023, Megan Rossi Jannitto passed away.

21. On or about April 27, 2023, the plaintiffs, Niki Jannitto and Samantha Jannitto were qualified as Co-Administrators of the Estate of Christopher J. Jannitto by the Probate Court of the Town of Warren, Rhode Island.

22. In denying the claim for Christopher Jannitto's "line of duty" death, the defendant, Prudential Life Insurance Company, relied upon its interpretation of the Group Life Insurance Policy issued to members of the Providence Fire Department.

23. In denying the initial claim for accidental death benefits for Christopher J. Jannitto, the defendant, Prudential Life Insurance Company of America concluded that Mr. Jannitto's loss:

- Did not result of an accidental bodily injury;
- Did not result solely from an accidental bodily injury.

24. The defendant's reliance on the two factors listed above in paragraph 23 is void against public policy in light of the strong public policy expressed in Rhode Island General Laws 45-19.1-1, *et seq.*, wherein the Rhode Island General Assembly concluded that fire fighter cancer is caused by the exposure to carcinogens during their work.

25. In light of the strong public policy expressed in Rhode Island General Laws § 45-19.1-1(a)(5), Christopher J. Jannitto's exposure to carcinogens during his career as a firefighter is equivalent to an accidental bodily injury in light of the conclusion of the Rhode

Island General Assembly, expressed in that statute, that "[t]he onset of cancers in fire fighters can develop very slowly, usually manifesting themselves from five (5) years to forty (40) years after exposure to the cancer-causing agent."

26. Subsequent to the passing of Christopher J. Jannitto, the City of Providence has expressed in writing to the defendant, Prudential Life Insurance Company that the City itself considers his death to be "in the line of duty".

**COUNT ONE**
**DECLARATORY JUDGMENT**

27. The plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth above in paragraphs one through twenty-six in Count One.

28. The defendant, Prudential Life Insurance Company of America has interpreted the Group Policy in a manner that conflicts with the strong public policy expressed in Rhode Island General Laws § 45-19.1-1, *et seq.*.

WHEREFORE, the plaintiffs pray that this Honorable Court issue the following relief:

1. This Honorable Court should issue a declaratory judgment holding that the defendant, Prudential Life Insurance Company must interpret the provisions of the Group Life Insurance Contract with the City of Providence so that Prudential affords coverage for the cancer-related death of Christopher J. Jannitto.

2. This Honorable Court should issue a declaratory judgment holding that the cancer-related death of Christopher J. Jannitto does constitute a bodily injury, as provided in Rhode Island General Laws § 45-19.1, *et seq.*.

3. This Honorable Court should issue a declaratory judgment holding that the cancer-related death of Christopher J. Jannitto was solely caused by a bodily injury, specifically, his repeated exposure to carcinogens as a member of the Providence Fire Department.

4. That judgment shall enter in favor of the plaintiffs in the sum of One Hundred Thousand Dollars ($100,000.00), plus interest, costs, attorney's fees and such other and further relief as may be deemed appropriate and just.

THE PLAINTIFFS,
By their attorney,

/s/Edward C. Roy, Jr., Esquire
EDWARD C. ROY, JR., ESQUIRE
577 Tiogue Avenue, 2nd Floor
Coventry, RI 02816
(401) 823-0488
(401) 823-0486     Facsimile
Edward_Roy@hotmail.com

## JURY TRIAL DEMAND

The plaintiffs hereby demand a jury as to all causes triable to a jury in this matter.

/s/Edward C. Roy, Jr., Esquire

May 22, 2025